**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ROBERT MCSWEENEY,

*Plaintiff,*

v.

RESURGENT CAPITAL SERVICES, L.P., and LVNV FUNDING LLC,

*Defendants.*

Civil Action No.: 1:26-cv-05411-JMF

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

WHEREAS, all of the parties to this action, Plaintiff Robert McSweeney ("Plaintiff") and Defendants Resurgent Capital Services, L.P. ("Resurgent") and LVNV Funding LLC ("LVNV," and together with Resurgent, "Defendants") (collectively, the "Parties" and individually, a "Party"), request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, the Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Order, including without limitation the Parties to this action (including their respective corporate parents, successors and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order, shall adhere to the following terms, upon pain of contempt:

1. **Scope.** This Order governs all "Discovery Material," meaning information of any kind produced or disclosed in the course of discovery in this action, including documents, electronically stored information, written discovery responses, deposition testimony and exhibits, and information produced by non-parties. With respect to Discovery Material that a person has designated as "Confidential" pursuant to this Order ("Confidential Discovery Material"), no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

2. **Material That May Be Designated.** The Party or person producing or disclosing Discovery Material (the "Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

(a) previously nondisclosed financial information of a Party, including profitability reports or estimates, pricing, and the terms of any agreement for the purchase, sale, placement or servicing of consumer accounts;

(b) previously nondisclosed policies, procedures, training materials, scripts, manuals and system documentation that the Producing Party maintains as confidential and the disclosure of which would cause it competitive or commercial harm;

(c) personal identifying or financial information of any individual, including Social Security numbers, dates of birth, full account numbers, tax information, medical information, and consumer report information;

(d) nonpublic information concerning any consumer who is not a party to this action, including any person to whom the accounts at issue may in fact belong; or

(e) any other category of information given confidential status by this Court after the date of this Order.

3. **Limits on Designation.** A Producing Party shall not designate Discovery Material as Confidential routinely, in bulk, or without a reasonable, good-faith review to determine that the material falls within Paragraph 2. Information that is publicly available, that was lawfully in the receiving Party's possession before its production in this action, or that the receiving Party lawfully obtains from a source other than the Producing Party without restriction, is not Confidential Discovery Material. Defendants shall not designate as Confidential any document that Plaintiff or his counsel produced in this action, or any letter, statement, notice or other communication that was sent to or received from Plaintiff or his counsel, except to redact information within Paragraph 2(c) or 2(d) that does not concern Plaintiff.

4. **Plaintiff's Own Information.** Nothing in this Order restricts Plaintiff's access to, or Plaintiff's or his counsel's use or disclosure of, Plaintiff's own personal identifying information, consumer reports, account and transaction information, and correspondence, whatever its source. Information about Plaintiff, or about any account or debt that Defendants attributed to Plaintiff, may be designated as Confidential only to protect it from disclosure to persons not authorized under Paragraph 9, and its designation shall not prevent its disclosure to Plaintiff. Plaintiff may designate his own information within Paragraph 2(c) as Confidential, whether produced by him or by any other person.

5. **Designating Documents.** With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as Confidential by stamping or otherwise clearly marking it as "Confidential" in a manner that will not interfere with legibility. Electronically stored information produced in native format may be designated by including "Confidential" in

the file name or on a slip sheet. Where a document contains both Confidential and non-Confidential information, the Producing Party shall, on request, produce a copy with only the Confidential portions redacted for use in any public filing.

6. **Designating Deposition Testimony.** A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the designated testimony separately and mark it "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after receipt of the final transcript, of the specific pages and lines of the transcript that are to be designated Confidential. During the 30-day period following receipt of a final deposition transcript, all Parties shall treat the entire transcript as if it had been designated Confidential.

7. **Late Designation.** If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential some portion of Discovery Material that it previously produced without that designation, it may so designate that material by notifying all Parties in writing, and the Parties shall thereafter treat the material as Confidential under the terms of this Order. The Producing Party shall promptly provide a copy of the material bearing the designation. Disclosure of the material before receipt of such notice shall not be a violation of this Order.

8. **No Waiver.** Nothing in this Order constitutes (a) a waiver by any person or Party of any right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony or other evidence.

9. **Persons to Whom Confidential Material May Be Disclosed.** Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a) the Parties to this action, including Plaintiff personally and those officers, directors and employees of Defendants who are assisting counsel in this action, and the Parties' insurers and counsel to their insurers;

(b) counsel retained specifically for this action, including any paralegal, clerical or other assistant that such counsel employs and assigns to this matter;

(c) outside vendors or service providers, such as copy-service providers, e-discovery and document-management consultants, and court reporting services, that counsel hire and assign to this matter;

(d) any mediator assigned to this action through the Court's Mediation Program, who is bound by the confidentiality provisions of the Mediation Program Procedures, and any other mediator or arbitrator that the Parties engage or that this Court appoints, provided that such other person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy, or who counsel in good faith believes already knows its contents;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided that such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A;

(g) any person a Party retains to serve as an expert witness or otherwise to provide specialized advice to counsel in connection with this action, provided that such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A;

(h) stenographers and videographers engaged to transcribe or record depositions the Parties conduct in this action; and

(i) this Court, including any appellate court, its support personnel, and court reporters.

10. **Non-Disclosure Agreements.** Before disclosing any Confidential Discovery Material to any person referred to in Paragraph 9(d), 9(f) or 9(g), counsel shall provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A stating that he or she has read this Order and agrees to be bound by its terms. Counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first. Counsel need not disclose the identity of a consulting expert who will not testify.

11. **Challenges to Designation.** Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. Counsel shall confer in good faith within seven days of the notice. If the Parties cannot reach agreement promptly, counsel for all affected Parties shall address their dispute to this Court in accordance with the Court’s Individual Rules and Practices in Civil Cases governing discovery disputes. The Producing Party bears the burden of establishing that the

challenged material warrants protection under Federal Rule of Civil Procedure 26(c). Pending the Court's ruling, the material shall continue to be treated as Confidential.

12. **Requests for Greater Protection.** This Order provides a single tier of protection. Any Party who seeks additional limits on disclosure, such as "attorneys' eyes only" treatment in extraordinary circumstances, may at any time before the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties shall address their dispute to this Court in accordance with the Court's Individual Rules and Practices in Civil Cases. No such additional limits shall apply unless the Parties agree in writing or the Court so orders, and no Discovery Material may be withheld from production pending resolution of the request, except as the Court orders.

13. **Use of Confidential Material.** Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution, defense, settlement and appeal of this action, and not for any business, commercial or competitive purpose or in any other litigation proceeding. Nothing in this Order affects or restricts the rights of any Party with respect to its own documents or information produced in this action.

14. **Subpoenas and Other Compulsory Process.** Nothing in this Order prevents any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the

Producing Party bears the burden of opposing compliance with the subpoena, other compulsory process or other legal notice if it so desires.

15. **Filing and Sealing.** This Order binds the Parties and certain others to treat as Confidential any Discovery Material so designated. The Court has not, however, made any finding regarding the confidentiality of any Discovery Material, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential. Neither the Parties' consent nor the designation of material under this Order is, by itself, a sufficient basis to file any document under seal or in redacted form. Any Party seeking to file Confidential Discovery Material, or any paper that discloses it, under seal or in redacted form shall proceed in accordance with the Court's Individual Rules and Practices in Civil Cases, Standing Order 19-MC-583, and Section 6 of the S.D.N.Y. Electronic Case Filing Rules and Instructions. Where the filing Party seeks sealing or redaction only because another Party or a non-party designated the material as Confidential, the filing Party shall so notify the designating person, which bears the burden of justifying the sealing or redaction in the manner and within the time the Court's Individual Rules and Practices require. Any request to seal or redact must be narrowly tailored and consistent with the presumption in favor of public access to judicial documents. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). All persons are placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential.

16. **Personally Identifiable Information.** Recipients of Confidential Discovery Material that contains personally identifiable information, including Social Security numbers, dates of

birth, financial account numbers, and passwords or other information that may be used for identity theft ("PII"), shall maintain it in a secure manner and shall exercise the same degree of care in protecting it as they exercise with their own PII, and no less than reasonable care. If a recipient discovers a breach of security, including any actual or suspected unauthorized access, relating to another Party's PII, the recipient shall (a) promptly notify the Producing Party of the breach; (b) investigate and take reasonable steps to remediate the breach; and (c) cooperate with the Producing Party in addressing the breach. Nothing in this Paragraph limits Plaintiff's access to his own information under Paragraph 4.

17. **Non-Parties.** Any non-party that produces Discovery Material in this action may designate such material as Confidential under the terms of this Order and shall have the same rights and obligations as a Producing Party. A Party serving a subpoena on a non-party shall include a copy of this Order with the subpoena.

18. **Privileged Material; Federal Rule of Evidence 502(d).** Pursuant to Federal Rule of Evidence 502(d), the production in this action of a document or information subject to the attorney-client privilege, the work-product doctrine or any other applicable privilege or protection, whether inadvertent or otherwise, does not waive that privilege or protection in this action or in any other federal or state proceeding. This Paragraph shall be interpreted to provide the maximum protection allowed by Rule 502(d), and Federal Rule of Evidence 502(b) shall not apply. Nothing in this Paragraph limits a Party's right to review documents for relevance, responsiveness or privilege before production. The following procedures apply:

(a) Upon written notice from a Producing Party identifying produced material as privileged or protected (a "Clawback Notice"), the receiving Party shall, within five business days, return, sequester or destroy all copies of the identified material, shall not use or disclose it until the claim is resolved, and shall certify in writing that it has done so. A receiving Party that discovers that it has received material that reasonably appears to be privileged shall promptly notify the Producing Party.

(b) Within five business days of a Clawback Notice, the Producing Party shall produce a privilege log for the identified material that complies with Federal Rule of Civil Procedure 26(b)(5)(A) and Local Civil Rule 26.2, together with a redacted copy of any document only part of which is claimed to be privileged.

(c) The receiving Party may challenge the claim of privilege or protection in accordance with the Court's Individual Rules and Practices in Civil Cases, and may present the material to the Court under seal for a determination of the claim. The receiving Party shall not assert the fact or circumstances of the production as a ground for the challenge. The Producing Party retains the burden of establishing the privileged or protected nature of the material.

19. **Final Disposition.** This Order survives the termination of the litigation. Within 60 days of the final disposition of this action, including all appeals, all recipients of Confidential Discovery Material shall either return it, including all copies, to the Producing Party, or destroy it, and shall certify its return or destruction in writing upon request. Notwithstanding this provision, counsel may retain an archival copy of all pleadings, motion papers, written discovery, transcripts, expert reports, legal memoranda,

correspondence and attorney work product, even if such materials contain Confidential Discovery Material, and any such archival copies remain subject to this Order.

20. **Modification; Trial.** Nothing in this Order prevents any Party from seeking modification of this Order, by agreement or upon a showing of good cause, or from objecting to discovery that it believes to be otherwise improper. This Order governs the pretrial phase of this action; the use of Confidential Discovery Material at trial shall be addressed in the pretrial order or by separate application to the Court.

21. **Jurisdiction.** This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

22. **Effect Pending Entry.** The Parties agree to be bound by the terms of this Stipulation pending its entry by the Court, and any violation of its terms before entry shall be subject to the same sanctions and penalties as if this Order had been entered.

SO STIPULATED AND AGREED.

Dated: October 14, 2026

*/s/ Evan S. Rothfarb*
Evan S. Rothfarb
Schlanger Law Group, LLP
60 East 42nd Street, 46th Floor
New York, NY 10165
T: (212) 500-6114
F: (646) 612-7996
E: erothfarb@consumerprotection.net

*Attorneys for Plaintiff*

*/s/ Arthur J. Sanders*
Arthur J. Sanders
Barron & Newburger, P.C.
30 South Main Street
New City, NY 10956
T: (845) 499-2990
E: asanders@bn-lawyers.com

*Attorneys for Defendants Resurgent Capital Services, L.P. and LVNV Funding LLC*

**SO ORDERED.**

Dated: October 14, 2026

Jesse M. Furman
United States District Judge

This stipulation binds the parties to treat as confidential the documents so classified. This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents." *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order. See *New York ex rel. Khurana v. Spherion Corp.,* No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBERT MCSWEENEY,<br><br>*Plaintiff,*<br><br>v.<br><br>RESURGENT CAPITAL SERVICES, L.P., and LVNV FUNDING LLC,<br><br>*Defendants.* | Civil Action No.: 1:26-cv-05411-JMF<br><br>**NON-DISCLOSURE AGREEMENT** |

I, ________________________________, acknowledge that I have read and understand the Stipulated Confidentiality Agreement and Protective Order (the "Protective Order") entered in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation, and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it, or destroy it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder, and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Signature: ________________________________

Printed Name: ______________________________

Dated: ___________________________________